IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THAD AND LESLIE GRUNDY, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNITED STATES and | § | |
| B. RILEY WEALTH MANAGEMENT, INC. | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT
## FOR INJUNCTION

Thad and Leslie Grundy, Plaintiffs, file their Original Complaint seeking an injunction against the United States government and B. Riley Wealth Management, Inc. DBA Wunderlich Securities (the "Defendants") and for cause of action show the Court as follows:

### I. PARTIES

1. Plaintiffs Thad and Leslie Grundy ("Plaintiffs" or "Taxpayers") are married citizens of the State of Texas who reside at 2158 Pelham Drive, Houston, Texas 77019.

2. The primary Defendant is the United States Government, and, specifically, the Internal Revenue Service as an agency thereof ("Internal Revenue Service"). The Internal Revenue Service may be served by serving the (i) Ryan K. Patrick, United States Attorney for the Southern District, or one of its designated agents for service of process at the U.S. Attorney's Office, Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002, (ii) the United States Attorney General at the Department of Justice, 10th and Constitution Ave., N.W., Washington, DC 20530, and (iii) the Internal Revenue Service via its agent Debra Martin, 1919 Smith St. Ste. 300, Stop 5226-HOU, Houston, Texas 77002.

3. Defendant B. Riley Wealth Management, Inc. (formerly Wunderlich Securities, Inc.) ("Wunderlich") is a foreign corporation organized in the state of Tennessee with its local office in Texas at 4400 Post Oak Parkway, Houston, Texas 77027. Wunderlich may be served with process by serving James Ritt, Chief Compliance Officer, B. Riley Wealth Management Compliance Department, 40 S. Main, Suite 1800, Memphis, Tennessee 38103.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 USC § 1340 because this is a civil action arising under the federal internal revenue laws. The Court has personal jurisdiction over Wunderlich, a nonresident corporation, because Wunderlich purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas by contracting with the Taxpayers, Texas residents.

5. This Court has venue over this case pursuant to 28 USC §1391(b)(2) and (3) as this is the judicial district where a substantial part of the events or omissions giving rise to the claims occurred and where the property that is the subject of the levy has its situs.

## III. FACTS

6. Wunderlich holds certain securities on behalf of the Taxpayers. These securities have unique and irreplaceable tax attributes (including, but not limited to, little to no tax basis and a long-term tax holding period) (the "Securities").

7. On December 20, 2018, the Internal Revenue Service issued Wunderlich a Levy Notice for the 2011 and 2012 tax years ("the Levy Notice") in the amount of $211,750.52 ("the Asserted Tax Deficiency") requiring Wunderlich to hold the Securities for twenty-one (21) days after which Wunderlich would be required to liquidate the Securities and turn over the proceeds to the Internal Revenue Service. A copy of the Levy Notice is attached hereto as Exhibit A.

8. On information and belief, Wunderlich received the Levy Notice on December 24, 2018; therefore, the required liquidation date for the Securities under the Levy Notice is January 15, 2019 ("the Required Liquidation Date"). On January 7, 2019, Wunderlich notified the Taxpayers that it could only disregard the Levy Notice if either the IRS issued a formal release or a court issued an appropriate injunction order.

9. On December 22, 2018, the federal government entered a fiscal shutdown which affected the staffing of the Internal Revenue Service. On information and belief, the Internal Revenue Service is currently operating with only approximately 12.5% of its workforce due to the government shutdown resulting in its inability to timely and appropriately deal with taxpayer issues.

10. The Asserted Tax Deficiency is incorrect and substantially overstated. Rather, the Taxpayers' actual tax liability for the tax years 2011 and 2012 is approximately $39,368 ("the Actual Tax Liability"). Attached as Exhibit B is the Affidavit of Keith Gardner, CPA, and attached as Exhibit C are the Taxpayers' amended returns for the years 2011 and 2012. As established therein, the overstatement of the Asserted Tax Deficiency is based upon the wrongful disallowance of the Taxpayers' rightful cost of goods sold ("COGS") deduction and the disallowance of other valid business expenses. Plaintiff/Taxpayer Leslie Grundy is an interior designer, and her income is largely based upon a percentage markup of goods included in designs and sold to her customers. Thus, the wrongful disallowance of the COGS deduction substantially increases her alleged income. Plaintiff Thad Grundy is a practicing attorney and the disallowance of his business expenses (including office rent) combined with the disallowance of Leslie Grundy's expenses has resulted in the Asserted Tax Deficiency being approximately $172,328 in excess of the Actual Tax Liability.

11. On information and belief, the Internal Revenue Service failed to comply with one or more statutorily required assessment and notice procedures with respect to the Assessed Tax Deficiency and Levy Notice. However, the shutdown has eliminated the Taxpayers' ability to administratively obtain information from the Service regarding its non-compliance with the assessment and notice procedures.

12. Normal and necessary Internal Revenue Service procedures would afford the Taxpayers with the opportunity to administratively secure the release of the levy by the Required Liquidation Date; however, the shutdown has eliminated the Taxpayers ability to secure administrative relief. Thus, the Taxpayers have no other remedy but to seek this injunctive relief.

### IV. APPLICATION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

13. A levy by the Internal Revenue Service can be enjoined if it does not comply with required notice and other required procedures. *See, e.g. Jensen v. Internal Revenue Service*, 835 F.2d 196 (9th Cir. 1987). Furthermore, a levy by the Internal Revenue may be enjoined if equitable grounds exist and evidence establishes that the government would not ultimately prevail with respect to the underlying tax assessment. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962).

14. FED. R. CIV. P. 65 covers the procedures under which injunctions and temporary restraining orders are issued in federal courts. The Court may issue a temporary restraining order, *ex parte* without notice to the adverse party or its attorney when (a) specific facts in an affidavit or a verified complaint clearly show immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it

should not be required. If a restraining order, or injunction, is issued, the order must set forth the reason for its issuance, in specific terms, and must describe in reasonable detail the act or acts sought to be restrained.

15. Attached hereto in support of this claim for injunctive relief and, particularly, the temporary restraining order are the (i) Affidavit of Keith Gardner, CPA, attached as Exhibit B, and (ii) the Affidavit of the Taxpayers' attorney Edward E. Hartline, attached as Exhibit D. These affidavits establish the following:

    a. Equitable grounds exist for the injunctive relief because the government shutdown has prevented the Taxpayers from either (ii) verifying the non-compliance by the Internal Revenue Service with required notice and other required procedures, and (ii) administratively seeking to resolve this matter prior to the Required Liquidation Date.

    b. The government likely would not prevail on the underlying tax assessment because its disallowance of the COGS deduction is clearly erroneous and has resulted a substantial overstatement of tax.

    c. A specific injury, loss or damage in the form of the forced liquidation of the Securities to satisfy the Asserted Tax Deficiency will occur imminently on the Required Liquidation Date.

    d. The injury is irreparable because there could be a loss of the Securities' tax attributes and there is no possible monetary compensation for the loss of the tax liability incurred on the sale of the Securities, which is recoverable from the Internal Revenue Service.

    e. The temporary restraining order should be issued without notice to the Defendants because the Required Liquidation Date is only two (2) business days away

from the date of filing this complaint and the government shutdown prevents any meaningful communications with the Internal Revenue Service during this interim period. Furthermore, the Taxpayers have personally attempted to contact the Internal Revenue Service regarding this matter, and additionally have requested a written waiver of service from Wunderlich.

16. Accordingly, the Taxpayers requests that a temporary restraining order be issued prior to service of the Taxpayers' original complaint on the Internal Revenue Service and Wunderlich, immediately restraining :

    a. the Internal Revenue Service from enforcing the Levy Notice or issuing any new notices of levy to Wunderlich with respect to the Plaintiffs for the tax years 2011 and 2012; and,

    b. Wunderlich from liquidating, selling or otherwise transferring the Securities to any parties, including third-party purchasers, the Internal Revenue Service and/or the Taxpayers.

17. The Taxpayers will be prepared to file whatever bond the Court should require at the time of the hearing of its request for temporary restraining order. However, the Taxpayers assert that no bond should be required because the Securities will continue to be held by Wunderlich and, therefore, secure themselves.

18. In light of the foregoing, this injunctive relief will not adversely affect public policy or the public interest.

19. The Taxpayers would show that the temporary restraining order requested, following notice and hearing, should be made into a temporary injunction pending final determination of this action on the merits.

## V.  PRAYER

WHEREFORE, the Plaintiffs Thad and Leslie Grundy respectfully request the court to grant the following relief:

A.  Issue a temporary restraining order against the Internal Revenue Service and Wunderlich without notice to either, immediately restraining:

    i.  the Internal Revenue Service from enforcing the Levy Notice or issuing any new notices of levy to Wunderlich; and,

    ii.  Wunderlich from liquidating, selling or otherwise transferring the Securities to any parties, including third-party purchasers, the Internal Revenue Service and/or the Taxpayers.

B.  Cite the Internal Revenue Service to appear and show cause why, the court should not issue a temporary injunction granting the Plaintiffs the relief described and prayed for above;

C.  grant, after trial, a permanent injunction against the Internal Revenue Service granting the relief described and prayed for above; and,

D.  grant any other relief to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

OAKS, HARTLINE & DALY, L.L.P.

By _/s/ Joseph Stallone by permission EEH_
**Joseph A. Stallone**
State Bar No. 00797485
stallone@ohdlegal.com
**Edward E. Hartline** (*pro hac vice*)
State Bar. No. 09159600
hartline@ohdlegal.com
**Kenneth S. Wall** (*pro hac vice*)
State Bar No. 20756790
wall@ohdlegal.com
**Jyotpal Singh** (*pro hac vice*)
State Bar No. 24070627
singh@ohdlegal.com
2323 S. Shepherd, 14th Floor
Houston, Texas 77019
Tel. (713) 979-5566
Fax (713) 979-4440
ATTORNEYS FOR PLAINTIFFS